# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHA J. BELYEU, | ) Case No. CV 09-6112 JCG |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## I.
## INTRODUCTION AND SUMMARY

On August 28, 2009, plaintiff Artha J. Belyeu ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant" or "Commissioner"), seeking a review of a denial of disability insurance benefits ("DIB"). [Docket No. 3.]

On March 15, 2010, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 12, 13, 14.]

Pursuant to a August 31, 2009 case management order, the parties submitted a detailed, 38-page joint stipulation for decision on December 2, 2010. [Docket No. 29.] The Court deems the matter suitable for adjudication without oral argument.

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed herein, the Administrate Law Judge ("ALJ") inappropriately discounted Plaintiff's subjective complaints and thus remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.
## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 65 years old on the date of her November 18, 2008 administrative hearing, has a high school education. (*See* Administrative Record ("AR") at 130, 131, 161, 841, 845.) Her past relevant work includes employment as a secretary. (*See id.* at 143, 147.)

On June 30, 2004, Plaintiff protectively filed an application for DIB alleging that she has been disabled since January 1, 2004 due to pulmonary embolism, malabsorption, diabetes, iron deficiency/anemia, and hypertension. (*See* AR at 41, 47, 130, 166.) Plaintiff's application was denied initially and upon reconsideration, after which she filed a request for a hearing. (*Id.* at 39, 40, 41-45, 46, 47-51, 52.)

On July 13, 2006, Plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. (AR at 94.) The ALJ also heard testimony from Harvey Alpern, M.D., a medical expert ("ME") and June Hagen, Ph.D., a vocational expert ("VE"). (*Id.* at 55-61, 83, 94.)

On August 25, 2006, the ALJ issued an unfavorable decision denying Plaintiff's request for benefits. (AR at 94-98.)

Plaintiff appealed and, on October 4, 2007, the Appeals Council vacated the decision and remanded the case to the ALJ for further proceedings. (*See* AR at 102, 105, 106-07.) The Appeals Council directed the ALJ to determine if there was an underlying medically determinable impairment which was reasonably expected to produce Plaintiff's subjective complaints of shortness of breath and fatigue. (*Id.* at 106-07.) The Appeals Council also ordered the ALJ to evaluate Plaintiff's obesity in

his decision. (*Id.*)

On November 18, 2008, Plaintiff, represented by counsel, appeared and testified at a subsequent hearing before the ALJ. (AR at 841, 843-57, 871.) The ALJ also heard testimony from an ME. (*Id.* at 858-71.)

On January 27, 2009, the ALJ denied Plaintiff's request for benefits. (AR at 17-27.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability. (*Id.* at 19.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of "respiratory disorders, diarrhea and hypertension." (AR at 19 (bold omitted).)

At step three, the ALJ determined that the evidence does not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in the Social Security regulations.[1] (AR at 22.)

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and determined that she can perform "the full range of sedentary work." (AR at 23 (bold omitted).)

The ALJ found, at step four, that Plaintiff was capable of performing her past relevant work as a secretary. (AR at 26.) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 18, 26-27.)

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 8-10, 834, 835.) The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## ISSUES PRESENTED

Three disputed issues are presented for decision here:

1. whether the ALJ properly evaluated the opinions of Plaintiff's treating physicians, (Joint Stip. at 5-21, 23);

2. whether the ALJ properly evaluated Plaintiff's credibility, (*id.* at 24-28, 31); and

3. whether the ALJ properly found Plaintiff's impairments of malabsorption, iron deficiency/anemia, and fatigue are not severe impairments at step two. (*Id.* at 31-34, 36-37.)

Under the circumstances here, the Court finds the issue of Plaintiff's credibility to be dispositive of this matter, and does not reach the remaining issues.

## V.

## DISCUSSION AND ANALYSIS

Plaintiff argues that "the credibility assessment of the ALJ is improper" because he "does not cite any items from the medical records nor any entries from the Adult Function Report or any other forms . . . which contradict [Plaintiff's testimony." (*See* Joint Stip. at 26, 28.) Plaintiff also contends that, "[i]n this case, [Plaintiff] has produced voluminous medical evidence of multiple conditions which explain her symptoms, and accordingly, the Commissioner may not discredit her testimony as to the severity of her pain, fatigue and shortness of breath symptoms merely because they are unsupported by objective medical evidence." (*Id.* at 31.)

A. <u>The ALJ Must Provide Clear and Convincing Reasons for Discounting Plaintiff's Subjective Complaints</u>

Plaintiff, of course, carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). But once a plaintiff meets that burden, medical findings are not required to support the alleged severity

of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (*en banc*); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997, *as amended* Sept. 17, 1997) ("[A] claimant need not present clinical or diagnostic evidence to support the severity of his pain.") (internal citation omitted).

Under these circumstances, an ALJ can then reject a plaintiff's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton*, 331 F.3d at 1040. The ALJ may consider the following factors in weighing a plaintiff's credibility:

(1) his or her reputation for truthfulness;

(2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and his or her conduct;

(3) his or her daily activities;

(4) his or her work record; and

(5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ did not find evidence of malingering. (*See generally* AR at 17-27.) Thus, the ALJ's reasons for rejecting Plaintiff's credibility must rest on clear and convincing reasons. *See Benton*, 331 F.3d at 1040. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995, *as amended* April 9, 1996); *Reddick*, 157 F.3d at 722.

B.   Plaintiff's Subjective Complaints

At the November 18, 2008 hearing, Plaintiff testified that she is "tired all the time." (AR at 850.) She stated that she has "shortness of breath, and so, . . . on exertion, [she] get[s] very short of breath." (*Id.* at 851.) Plaintiff also complained that she experiences cramps "all day" and has pain in her thighs, legs, and feet. (*Id.* at 853-54.)

1          Plaintiff explained that she "used to work two jobs" and "if [she] was well,
2   [she] would be working, because [she] loved [her] job." (AR at 850, 851.)
3          Plaintiff testified that, on the day of the hearing, she "made [her] bed, []
4   vacuumed [her] bathroom and . . . bedroom[ a]nd then, [she] had to sit down and rest
5   for [about 45 minutes], because [she was] so short of breath, and [was] just tired."
6   (AR at 851-52.) She also stated that if she has a full day of activities, such as going
7   to the market or "going to the doctor, . . . the next day, [she] really [has] no stamina
8   to, to do something." (*Id.* at 852.)
9          Plaintiff also stated that if she goes "to the movies, [she has] to sit in the back
10  row, the far end, . . . because sometimes, [she has] to get up, and stand, and move
11  around" to help with the cramping in her legs. (AR at 854-55.)
12         C.     ALJ's Purported Reason(s) for Discounting Plaintiff's Credibility
13         In rejecting Plaintiff's credibility, the ALJ summarized Plaintiff's testimony
14  and found that Plaintiff's "medically determinable impairments could reasonably be
15  expected to cause the alleged symptoms; however, [Plaintiff's] statements
16  concerning the intensity, persistence and limiting effects of these symptoms are not
17  credible to the extent they are inconsistent with the [RFC] assessment." (AR at 24.)
18         The ALJ also concluded that "there is no documentation by any medical
19  provider of the degree or extent of the fatigue, as [Plaintiff] has described it. There
20  is similarly no documentation of the degree or extent of the shortness of breath, as
21  [Plaintiff] has described it." (AR at 24.)
22         The ALJ "noted the July 2008 treatment for pain and swelling of the right
23  great toe[,]" but concluded that "[t]his condition, however, improved with
24  treatment." The ALJ determined that "[a]bsent this July 2008 incident, [Plaintiff's]
25  complaints of cramps or flank pain have not been confirmed objectively." (AR at
26  24.) The ALJ indicated that Plaintiff's "allegations of swelling similarly are not
27  documented in any treating source clinical progress note – as a sustained,
28  uncontrolled condition." (*Id.*)

D. <u>ALJ Improperly Discounted Plaintiff's Credibility</u>

After a careful review of the medical record and the parties' papers, the Court has considered the ALJ's reason for finding Plaintiff not credible, and concludes that the ALJ's reason is not clear and convincing and/or supported by substantial evidence. Three reasons guide this Court's determination.

First, the ALJ erred to the extent he rejected Plaintiff's credibility based on a lack of objective medical evidence. (*See* AR at 24.) Plaintiff provided sufficient medical evidence of underlying impairments that were reasonably likely to cause the symptoms she described. For instance:

1. A treatment note, dated April 14, 2004, reported Plaintiff had "venous thrombosis and then she also had pulmonary emboli and this is in spite of the fact that she had been on anticoagulants."[3/] (*Id.* at 429.)

2. A treatment note, dated May 28, 2004, reported that Plaintiff "is short of breath most of the time, which is something new[, and] has been going on for the last 2-3 months." (*Id.* at 428.)

3. A treatment note, dated February 14, 2006, reported that Plaintiff "has some shortness of breath on exertion." (*Id.* at 462.)

4. A treatment note, dated May 18, 2006, diagnosed Plaintiff with "recurrent iron deficiency anemia and also has impaired renal function" and noted "easy fatigue." (*Id.* at 505.)

5. A treatment note, dated September 14, 2006, stated that Plaintiff complained of "intermittent leg spasm at . . . night." (*Id.* at 542.)

---

[3/] Pulmonary embolism is the "obstruction or occlusion of [pulmonary arteries] by an embolus[,]" "most frequently by detached fragments of thrombus from a leg or pelvic vein, commonly when thrombosis has followed an operation or confinement to bed." *Stedman's Medical Dictionary* 626, 627 (28th ed. 2006). Common signs and symptoms include: shortness of breath, chest pain, cough, wheezing, leg swelling, clammy or bluish-colored skin, excessive sweating, rapid or irregular heartbeat, weak pulse, or lightheadedness. *See* www.mayoclinic.com.

1      6.     A treatment note, dated August 29, 2007, indicated that Plaintiff has a history of "diabetes, renal insufficiency, coagulopathy weighted history of [deep venous thrombosis] and pumonary emboli." (*Id.* at 531.)

       7.     A treatment note, dated April 21, 2008, indicated Plaintiff "is receiving follow up with pulmonary due to pulmonary nodules" and "has also been diagnosed with sleep apnea." (*Id.* at 820.)

       The sole reason articulated by the ALJ for rejecting Plaintiff's testimony regarding her subjective complaints was that "the degree or extent" of her symptoms is not supported by the medical evidence. (*See* AR at 24.) Because Plaintiff produced sufficient medical evidence of underlying impairments that are likely to cause difficulty breathing, fatigue, and spasms, Plaintiff met her burden and medical findings are not required to support the alleged severity of her complaints. *See Bunnell*, 947 F.2d at 345; Social Security Ruling ("SSR") 96-7P,[4] 1996 WL 374186, at *1 ("An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.").

       Second, while the ALJ accurately summarized portions of Plaintiff's testimony, he did not "identify what testimony is not credible and what evidence undermines [Plaintiff]'s complaints." *Reddick*, 157 F.3d at 722 (internal quotation marks and citation omitted); *see Benton*, 331 F.3d at 1041 (The ALJ must state

---

[4] "The Commissioner issues Social Security Rulings [("SSRs")] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n. 1 (9th Cir. 2001) (internal citations omitted).

1  "which symptom testimony he found not credible with enough specificity to allow a
2  reviewing court to confirm that the testimony was rejected on permissible grounds
3  and not arbitrarily."); *Lester*, 81 F.3d at 834 ("General findings are insufficient;
4  rather, the ALJ must identify what testimony is not credible and what evidence
5  undermines the claimant's complaints.").

In fact, the ALJ does not specifically identify any inconsistencies in Plaintiff's testimony or between Plaintiff's testimony and her conduct, her daily activities, her work record, or any negative reports of her reputation for truthfulness. *See Thomas*, 278 F.3d at 958-59.

Third, Defendant argues that the "ALJ observed that the record indicated that Plaintiff's condition[s] were well controlled with medication." (Joint Stip. at 30.) However, the Court's review is limited to the reasons *actually cited* by the ALJ in his decision, specifically, in rejecting Plaintiff's subjective complaints. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts[ and i]t was error for the district court to affirm the ALJ's . . . decision based on evidence that the ALJ did not discuss.") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)) (internal citation omitted).

In any event, to the extent that the ALJ relied on this reason, the ALJ's conclusion is not supported by substantial evidence.[5/]  While it is true that some of

---

[5/]  The Court agrees that Plaintiff's condition of "pain and swelling of the right great toe" appeared to "improve[] with treatment." (AR at 24; *see also id.* at 819 (July 14, 2008 treatment note indicating "positive swelling with mild erythema" in Plaintiff's "great right toe"); *see generally id.* at 817 (July 21, 2008 follow-up treatment note reporting no further complaints regarding right toe).) However, at the hearing, Plaintiff did not testify that the pain and swelling in her toe was chronic;

1  Plaintiff impairments are well-controlled with medication, *i.e.*, Plaintiff's anemia
2  and hypertension, the ALJ provides no medical evidence for his implied contention
3  that her complaints could not be caused by any other medical factors. The ALJ has,
4  in effect, improperly substituted his own interpretation of the evidence without
5  setting forth sufficient authority or medical evidence to support his interpretation.$^{6/}$
6  *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (ALJ may not
7  substitute his own interpretation of the medical evidence for the opinion of medical
8  professionals); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An
9  ALJ cannot arbitrarily substitute his own judgment for competent medical opinion,
10 and he must not succumb to the temptation to play doctor and make his own
11 independent medical findings.") (internal quotation marks, alterations and citations
12 omitted).

## VI.

## **REMAND IS APPROPRIATE**

15      This Court has discretion to remand or reverse and award benefits. *McAllister*
16 *v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no
17 useful purpose would be served by further proceedings, or where the record has been
18 fully developed, it is appropriate to exercise this discretion to direct an immediate
19 award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004);
20 *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000),

---

instead, she stated that she experiences cramping in her legs. (*Id.* at 853-55.) The ALJ failed to provide a single clear and convincing reason supported by substantial evidence for rejecting Plaintiff's allegations of cramping.

$^{6/}$  To the extent the ALJ relied on the ME's opinion in rejecting Plaintiff's subjective complaints, (*see* AR at 24-26), the non-examining ME's opinion, standing alone, is insufficient to constitute substantial evidence. *Erickson v. Shalala*, 9 F.3d 813, 818 n. 7 (9th Cir. 1993) ("the non-examining physicians' conclusion, *with nothing more*, does not constitute substantial evidence[]") (internal quotation marks, brackets and citation omitted) (italics in original).

11

*cert. denied*, 531 U.S. 1038 (2000).  Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

      Here, there are outstanding issues which must be resolved before a final determination can be made.  On remand, the ALJ shall reconsider Plaintiff's subjective complaints and the resulting functional limitations, and either credit Plaintiff's testimony or provide clear and convincing reasons supported by substantial evidence for rejecting them.  In addition, if necessary, the ALJ shall obtain additional information and clarification regarding Plaintiff's functional limitations.  The ALJ shall reassess the medical opinions in the record and provide sufficient reasons under the applicable legal standard for rejecting any portion of the medical opinions.  The ALJ shall then proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.[7]

      Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: March 14, 2011

                                            Hon. Jay C. Gandhi
                                        United States Magistrate Judge

---

[7] In light of the Court's remand instructions, it is unnecessary for the Court to address Plaintiff's remaining contentions.  (*See* Joint Stip. at 5-21, 23, 31-34, 36-37.)